**STAUDTE & RUECKOLDT MFG. CO. v. CARPENTERS' DISTRICT COUNCIL OF UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al.**

(Circuit Court of Appeals, Eighth Circuit. May 1, 1926.)

No. 7063.

Injunction ⬤➡129(2)—Failure of plaintiff's counsel to appear on date set to argue defendants' motion to dissolve temporary injunction held not to justify dismissal of case for want of prosecution, but motion should have been disposed of in absence of plaintiff's counsel.

Failure of plaintiff's counsel to appear on date set to argue defendants' motion to dissolve temporary injunction, granted after full hearing and mature deliberation, did not justify dismissal of case for want of prosecution, but motion should have been disposed of in absence of plaintiff's counsel; burden being on defendants to show that temporary injunction should be dissolved.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the Staudte & Rueckoldt Manufacturing Company against the Carpenters' District Council of the United Brotherhood of Carpenters and Joiners of America and others. From an order dismissing the cause for want of prosecution, plaintiff appeals. Remanded, with directions.

Charles A. Houts, of St. Louis, Mo., for appellant.

James T. Roberts, of St. Louis, Mo., for appellees.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

JOHNSON, District Judge. Plaintiff, appellant here, commenced suit in the court below to enjoin defendants from interfering with its business by certain alleged illegal practices. The suit was filed February 17, 1923. On the same day the court granted a restraining order, and an order requiring the defendants to show cause on February 24th why a temporary injunction should not be granted. The defendants made return to the order to show cause on March 16th. This return was in the nature of an answer to the petition, and in addition set up certain affirmative matters in bar of the action. On April 14th the following order was entered:

"Now on this day, by consent of parties, it is ordered that the hearing on the application of plaintiff for a temporary injunction herein be and it is hereby reset for April 20, 1923, at 10 o'clock a. m., and that the temporary restraining order heretofore issued herein be and it is hereby continued in force and effect to the further order of the court."

On April 20th the hearing was reset for April 27th. On April 27th the matter was heard and submitted. On February 9, 1924, an order was made granting a temporary injunction. On February 28th the defendants filed a motion to dissolve the temporary injunction. On March 3d an order was entered continuing the hearing on the motion to dissolve the temporary injunction until the next regular motion day of the court. On April 7th a similar order was entered. On May 5th a similar order was entered by consent of the parties. On June 2d an order was entered similar to that of March 3d and April 7th, continuing the hearing to the next regular motion day of the court. On July 7th an order was entered by consent of the parties, continuing the hearing until the next regular motion day of the court. On September 8th an order was entered similar to that of March 3d and April 7th, continuing the hearing until the next regular motion day of the court. On October 6th the court made the following order:

"Now on this day, it appearing to the court that the motion of defendants to dissolve the temporary injunction heretofore granted plaintiff in this cause has been set for hearing on various motion days, and that, although defendants have duly appeared by their respective solicitors on such days, ready to argue their said motion to dissolve, that plaintiff has repeatedly failed to appear in connection with such matter, it is thereupon by the court ordered that this cause be and the same is hereby dismissed for want of prosecution, at the costs of plaintiff."

On November 29th plaintiff filed a motion to vacate the order entered on the 6th of October dismissing the cause. On December 1st the court denied the motion to vacate the order of dismissal. Plaintiff has appealed from the order dismissing the cause, and has assigned this action of the court as error.

The want of prosecution for which the suit was dismissed was, as recited in the order, the failure of counsel for plaintiff to appear and argue the motion filed by defendants to dissolve the temporary injunction. The failure of counsel to appear on October 6th and argue the motion did not justify action so drastic as the dismissal of the case, when we take into consideration the state of the pleadings and the matter pending before the court. The court had granted the temporary injunction after a full hearing and mature deliberation. The defendants, not being satisfied, filed what they have called a motion to dissolve the temporary injunction, but what in effect was only a motion for rehearing. No change of conditions was stated as grounds for the dissolution of the temporary injunction. The grounds of the motion, as stated therein, were: First, a question of jurisdiction, which, it is alleged, appeared upon the face of the petition; second, the insufficiency of the evidence submitted at the former hearing to connect the defendants, or either of them, with the conspiracy alleged in the petition. The temporary injunction in favor of plaintiff was in force. The defendants were seeking to dissolve it.

The question before the court was, whether or not it would reverse the ruling previously made. The burden was upon the defendants to convince the court that the parties to the action were not properly before it, or that the evidence previously considered by the court failed to connect the defendants with the conspiracy charged in the petition. The motion of defendants to dissolve the temporary injunction had been set and was regularly on the motion calendar for October 6th. When cases have been regularly set, upon either motion or trial calendar, the court in the exercise of a sound discretion may direct counsel who are present to proceed, and may dispose of matters on the calendar in the absence of opposing counsel. The case was not set for trial on the merits. Indeed, it appears that the defendants had not yet answered the complaint. The matter before the court was the motion of defendants to dissolve the temporary injunction; the defendants were the moving parties; their counsel was present. We are of opinion the motion should have been disposed of in the absence of plaintiff's counsel, and that it was error to dismiss the case.

The court below is directed to set aside the order dismissing the case, and to restore the cause to the motion calendar for disposition in accordance with the views herein expressed.